ANDRE E. CUSHING

TREASURER OF PENOBSCOT COUNTY

*vs.*

JOHN L. BABCOCK AND CITY OF BANGOR.

Penobscot.    Opinion, July 5, 1944.

*Randolph A Weatherbee,* County Attorney for the plaintiff.

*Michael Pilot,* for the defendant, Babcock.

*B. W. Blanchard,* for defendant, City of Bangor.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

CHAPMAN, J.  This is an action in equity by the plaintiff in his capacity as Treasurer of Penobscot County to compel the defendants to interplead and present their respective claims to a fund amounting to $287.84 in the hands of the plaintiff in his said capacity. The case comes to this court upon appeal by the City of Bangor from the decree of the sitting Justice who heard the case.

It was not in dispute that the City of Bangor, acting through its city council, passed an order in the following terms:

"ORDERED, That no employee of the City of Bangor shall be allowed any compensation for the arrest of any person, or for the commitment of any person to any state institution, except the actual expense incident thereto."

This order was in effect at the time of the occurrence of the following facts.

The defendant, Babcock, was a police officer of the City of Bangor, holding such position in accordance with the provisions of the charter of the city. He was also a constable elected

in accordance with the provisions of R. S. 1930, Chapter 5, Sections 12, 14.

While holding these positions, in compliance with precepts issued by the Bangor Municipal Court, Babcock on several occasions removed prisoners from the court to state institutions. He made return of execution of these precepts as constable. The Bangor Municipal Court approved the statutory fees charged and the County Commissioners for Penobscot County ordered the same paid to Babcock; whereupon the City of Bangor made claim upon the county for the fees, basing its claim upon the provisions of the order above quoted. The Justice interpreted the order to mean that the city itself will not allow any compensation to any of its employees for arrest or commitment to any state institution.

The Justice was correct in his interpretation. The only effect of such order was to prevent the payment from the City Treasury for the service of such precepts. It was well within the authority of the Police Department for the City of Bangor to prevent the performance of the service by one of its officers, if such performance would interfere with the duties which he was bound to render to the city; but if the officer were allowed to execute the precepts and did so, he was entitled to the statutory fees and the same, approved by the Bangor Municipal Court which had issued the precepts, were payable to him from the Treasury of Penobscot County. In the execution of the precepts he represented the State of Maine and was not answerable to the City of Bangor.

*Cobb* v. *City of Portland*, 55 Me., 381; 92 Am., Dec., 598; *Andrews* v. *King et als*, 77 Me., 224; *State ex rel Anderson* v. *Fousek*, 91 *Mont.*, 448, 84 A. L. R. 303, 8 P. 2d. 791.

The Justice in his finding stated that, of the total amount of $287.84 which had been charged as fees by the officer and approved by the Bangor Municipal Court, the sum of $13.65 covered actual expense of the officer, which sum had been

advanced by the City of Bangor to the officer and which sum the officer admitted was due from him to the city. The Justice, distinguishing this item from the remaining sum of $274.19, found that this sum of $274.19 should be paid by the plaintiff in his capacity as Treasurer of Penobscot County to the said Babcock; and that the sum of $13.65 should be paid to the City of Bangor. The decree entered so ordered.

Whether the City of Bangor was entitled to the provision in the decree that the plaintiff should pay to it the sum of $13.65 or that it was a matter entirely between the City of Bangor and Babcock is not before us. Such provision was not prejudicial to the appellant and is not objected to by Babcock.

We find no error in the decree in respect to the issues before us. The entry must be:

*Appeal dismissed.*
*Decree affirmed.*